JUDGE KENNELLY
MAGISTRATE JUDGE MCSHAIN
1:22-CR-208

FILED
4/6/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Violations: Title 26, United States |
| JOSEPH J. CIPOLLA, JR. | ) | Code, Sections 7201 and 7203 |

### COUNT ONE

THE SPECIAL APRIL 2021 GRAND JURY charges:

1. At times material to this indictment:

    a. The Internal Revenue Service was an agency of the United States Department of Treasury, responsible for administering and enforcing the tax laws of the United States. Under these laws, individuals were required to accurately report income to the Internal Revenue Service on individual income tax return forms (Form 1040 with schedules and attachments) and pay all income tax and tax penalties due and owing. If a taxpayer failed accurately to report or pay his or her tax liability, the Internal Revenue Service could calculate, assess, and attempt to collect the correct tax liability.

    b. Defendant JOSEPH J. CIPOLLA, JR. ("CIPOLLA") was a resident of the Northern District of Illinois.

    c. CIPOLLA and Individual AA were partners in the operation of Company A, a business which sold vehicles and performed automobile repair services in the Northern District of Illinois.

d. In addition to his business involvement with Company A, CIPOLLA brokered the purchase and resale of vehicles by Company B. In particular, CIPOLLA located so-called "classic cars" for Company B to purchase for the purpose of resale at a profit following repair and restoration of the vehicles. Company B paid commissions to CIPOLLA that consisted of 50% of the net profit from the resale of vehicles that CIPOLLA located for purchase and resale by Company B.

e. Casino A was a casino gaming business located in the Northern District of Illinois. Casino A reported to the Internal Revenue Service on Form W-2G gambling winnings above a certain threshold. Casino A included the social security number of the individual whose winnings were reported on Form W-2G.

f. Prior to 2015, CIPOLLA established a rewards account with Casino A that allowed CIPOLLA to earn certain benefits or rewards at Casino A based on the volume of CIPOLLA's gaming activity at Casino A. No later than in or about mid-January 2015, CIPOLLA provided a false social security number to Casino A; in particular, CIPOLLA falsely represented to Casino A that the social security number of one of CIPOLLA's relatives was his own. By supplying a false social security number to Casino A, CIPOLLA induced Casino A to transmit to the Internal Revenue Service Forms W-2G for CIPOLLA's gambling winnings that were associated with CIPOLLA's relative rather than CIPOLLA.

2. During calendar year 2015, CIPOLLA received gross income of approximately $127,253 from Company B as commissions paid to CIPOLLA by

Company B for locating vehicles that were purchased and resold at a profit by Company B. CIPOLLA was required by law, following the close of calendar year 2015, and on or before April 15, 2016, to file a Form 1040 individual income tax return with the Internal Revenue Service and to pay any such income tax that was due and owing.

3. After consideration of other business and income-generating activity that CIPOLLA engaged in during 2015, including activity associated with Company A, CIPOLLA had an income tax due and owing to the Internal Revenue Service.

4. CIPOLLA failed to file a Form 1040 individual income tax return for calendar year 2015 on or before April 15, 2016.

5. During calendar year 2015, and continuing thereafter until the date of this indictment, in the Northern District of Illinois, Eastern Division,

JOSEPH J. CIPOLLA, JR.

defendant herein, did willfully attempt to evade and defeat the federal income tax due and owing by him to the United States for the calendar year 2015 by committing the following affirmative acts, among others:

    a. maintaining a false social security number at Casino A; and

    b. handling his affairs in a manner so as to avoid the creation and maintenance of customary business and accounting records concerning actual revenues received and expenses incurred;

In violation of Title 26, United States Code, Section 7201.

## COUNT TWO

The SPECIAL APRIL 2021 GRAND JURY further charges:

On or about April 18, 2016, in the Northern District of Illinois,

JOSEPH J. CIPOLLA, JR.,

defendant herein, a resident of the Northern District of Illinois, having received gross income in excess of the amount required to file an income tax return, and thereby being required by law to file an income tax return (Form 1040 with schedules and attachments) following the close of calendar year 2015 and on or before April 15, 2016, willfully failed to make and file such return at the time required by law;

In violation of Title 26, United States Code, Section 7203.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY