UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 22 CR 208 |
| v. ) | |
| ) | Hon. Matthew F. Kennelly |
| JOSEPH J. CIPOLLA, JR. ) | |

GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby submits its written position with respect to the pretrial detention of defendant, JOSEPH J. CIPOLLA, JR. ("Cipolla").

Procedural History

1. On April 6, 2022, a grand jury returned an indictment charging Cipolla in a two-count indictment with tax evasion, in violation of 26 U.S.C. § 7201 (Count One), and willfully failing to file a tax return, in violation of 26 U.S.C. § 7203 (Count Two). The indictment was sealed and a warrant was issued for Cipolla's arrest.

2. On April 18, 2022, federal law enforcement officers arrested Cipolla pursuant to the arrest warrant. The same day, Cipolla appeared telephonically before Magistrate Judge Beth W. Jantz for his initial appearance.[1] During that proceeding, this Court, at Cipolla's request, set this matter for a detention hearing on Friday, April 22, 2022, at 11:00 a.m.

---

[1] Cipolla was represented at the initial appearance by panel attorney Gabrielle R. Sansonetti. Since then, attorney Mitchell D. Kreiter has filed an appearance as counsel for Cipolla.

3. During the initial appearance, the government moved for detention on the basis that Cipolla's release without very strict conditions would pose (a) a serious risk of flight; and (b) a serious risk of harm to the community and himself.[2] At the Court's request, the government preliminarily summarized various alleged facts in support of its detention motion.

4. The government now files this motion to memorialize the basis for its motion, which includes facts beyond those the government expressed orally at Cipolla's initial appearance. As the government stated at the initial appearance, the government is amenable to Cipolla's release but only upon certain strict conditions, including but not limited to the following: (a) Cipolla acquiring a stable housing situation; (b) the posting of security by Cipolla or a third-party; (c) appointment of a third-party custodian; and (d) severe restrictions on, if not the preclusion of, Cipolla's use of motor vehicles.[3] Restrictions on Cipolla's freedom of movement (*e.g.*, home incarceration with electronic monitoring) would also make sense in this case.

5. With regard to the risk that Cipolla may flee or otherwise abscond from future court appearances, the government notes the following serious risk factors:

- Cipolla is believed to lack a stable housing situation, having left his residence due to irreconcilable differences with his spouse.

- Cipolla does not have stable and continuing employment. The government has recently received evidence that Cipolla may have recently committed a fraud offense to support himself financially.

---

[2] The government's request for a detention hearing was based upon 18 U.S.C. § 3142(f)(2).

[3] At the time of this filing, the government has not received the Pretrial Services Office report, which the government expects will further identify what, if any, conditions of pretrial release are appropriate in this case.

- As set forth in police reports that the government provided to the Court and defense counsel, there is evidence that, on two occasions in 2020, Cipolla was driving a vehicle at an illegally high (and dangerous) speed and continued to do so in an effort to avoid law enforcement officers who attempted to curb his vehicle.

- As set forth in a lengthy police report authored by the Lisle Police Department, which the government also provided to the Court and defense counsel, in the morning hours of March 21, 2022 (a Monday), Cipolla was again driving a vehicle at an illegally high rate of speed, entered an intersection and caused an accident involving three cars. Cipolla later admitted that he had been using cocaine prior to driving the vehicle and fled because he thought he was being followed by federal law enforcement officers.[4] Further, Cipolla admitted that he placed on his vehicle a license plate that did not belong to him and which was not registered to the vehicle.

- Cipolla is believed to be aware of the fact that the present federal criminal investigation extends to conduct by Cipolla well beyond the conduct forming the basis for the indictment charges. Cipolla is also aware that the government will seek a superseding indictment charging him with additional serious fraud offenses. This knowledge provides an incentive for him to flee.

- Cipolla has other pending criminal matters in state court, including one case in which he is charged with domestic battery and one case where he is charged with a fraud offense (for which an arrest warrant remains active).

- During the execution of a search warrant at Cipolla's residence in July 2021, Cipolla attempted to evade the officers by retreating to the roof of his own residence, which required law enforcement officers to talk him off of the roof for Cipolla's and the officers' safety. As part of this process, officers had had to go onto the roof of Cipolla's house to escort him down securely, thereby placing those officers at risk.

---

[4] As the government stated at the initial appearance, none of the law enforcement officers involved in this investigation were conducting surveillance or otherwise attempting to locate or follow Cipolla on March 21, 2022. The government's particular concern here is that Cipolla may incorrectly presume that he is being followed by law enforcement even when that is not the case and thereafter engage in dangerous behavior in an effort to evade the (nonexistent) officers he believes to be following him.

- When the law enforcement agents approached Cipolla at a gas station to arrest him on April 18, 2022, Cipolla initially attempted to run from the agents, although it should be noted that he did not get very far (he did not leave the gas station property) and quickly surrendered when he realized that his route of escape was cut off.

- Cipolla is capable of piloting jet aircraft so, if he were able to obtain access to such aircraft, he has the means of departing the United States in such aircraft.

All of these factors establish by a preponderance of the evidence that, in the absence of the strict release conditions described above and any other reasonable and necessary conditions identified by the Pretrial Services Office, Cipolla presents a serious risk of flight and/or nonappearance at future court proceedings.

6. Cipolla's past behavior also demonstrates that he presents a serious risk of harm to the community, as well as to himself. It hardly needs to be stated that Cipolla's general penchant for driving vehicles at an extremely high rate of speed puts the public at great risk of harm. That risk is only magnified when Cipolla engages in that behavior in a desperate effort to flee from law enforcement (real or imagined). In particular, Cipolla's behavior on March 21, 2022, demonstrates by clear and convincing evidence that, without strict conditions designed to prevent such activity, Cipolla's release will not reasonably assure the safety of the community, law enforcement officers, and even Cipolla.

WHEREFORE, the government asks that Cipolla remain detained unless and until he can satisfy the strict conditions set forth above and any other reasonable and necessary conditions identified by the Pretrial Services Office.

                                        Respectfully submitted.

                                        JOHN R. LAUSCH, JR.
                                        United States Attorney

By:    */s/ Timothy J. Chapman*
        TIMOTHY J. CHAPMAN
        Assistant United States Attorney
        219 South Dearborn Street, Fifth Floor
        Chicago, Illinois 60604
        (312) 353-1925