UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 22 CR 208 |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| JOSEPH J. CIPOLLA, JR. | ) | |

## MOTION TO REVOKE PRETRIAL RELEASE ORDER

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, pursuant to 18 U.S.C. § 3148(b), hereby moves to revoke the Court's order allowing the defendant, JOSEPH J. CIPOLLA, JR. to remain on pretrial release in the above-captioned matter.

### I. Background

On April 6, 2022, a grand jury returned an indictment charging defendant in a two-count indictment with tax evasion, in violation of 26 U.S.C. § 7201 (Count One), and willfully failing to file a tax return, in violation of 26 U.S.C. § 7203 (Count Two). Dkt. 1. Defendant was arrested on April 18, 2022. Dkt. 8. On that same date, defendant was detained pursuant to 18 U.S.C. § 3142(f)(2). Dkt. 9.

On April 21, 2022, the government filed a motion for detention, articulating reasons defendant should either be detained pending trial or released on a number of strict conditions. Dkt. 13. Among the reasons set forth by the government was defendant's driving history. On three separate occasions in 2020 through 2022, defendant drove at a dangerously high speed in an effort to avoid law enforcement officers. Dkt. 13 at 3. The latest incident, in March 2022, occurred after defendant

1

used cocaine and fled at a high rate of speed through an intersection after he thought federal law enforcement was following him, even though no law enforcement was present. *Id*. Defendant's actions caused an accident involving three cars. *Id*. Defendant also admitted he placed on his vehicle a license plate that did not belong to him or the vehicle. *Id*. Defendant poses a danger to the community through his reckless operations of motor vehicles.

A number of detention hearings were scheduled and then postponed during spring 2022. Dkts. 16, 18, 22. Ultimately a detention hearing set for June 17, 2022 was stricken by the defendant, without prejudice. Dkt. 31.

On July 22, 2022, the defendant appeared before the Court and was released on a number of pretrial conditions. Dkt. 35. During that hearing, the Court orally admonished defendant as to his pretrial conditions, including a condition that defendant could not drive a motor vehicle if he did not possess a driver's license. On July 25, 2022, defendant signed his written conditions of release, which included the condition: "Defendant shall not operate a motor vehicle unless he is issued, and possesses, a valid driver's license." Dkt. 36.

## II.   Applicable Law

Under 18 U.S.C. § 3148(b), if there are allegations that a defendant violated conditions of pretrial release, the Court, after a hearing, must determine whether there was (a) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (b) there is clear and convincing evidence that the person has violated any other condition of release. If the Court makes such

a finding, the defendant's pretrial release order should be revoked if the Court finds either that (a) there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person in the community or (b) the person is unlikely to abide by any condition or combination of conditions of release.

If the Court finds there is probable cause to believe that, while on release, the defendant committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or to the community. 18 U.S.C. § 3148(b)(2)(B).

### III. Alleged Violation of Defendant's Conditions of Release

Within days of defendant's release – and the day after defendant signed his conditions of release, promising not to drive without a license – defendant was observed driving a motor vehicle. Defendant does not possess a valid driver's license.

Specifically, on Tuesday, July 26, 2022, two Internal Revenue Service – Criminal Investigation Special Agents conducted surveillance on defendant and observed him driving a vehicle. Their observations are memorialized in a report, attached as Exhibit A.[1] During portions of the agents' surveillance, they took videos of defendant,[2] including videos that show defendant entering the driver's door of a

---

[1] Certain material has been redacted from the report, including license plate numbers and residential addresses. Additionally, the file names for the videos have been replaced with exhibit numbers for the videos, to aid the Court in reviewing the materials.
[2] The videos are marked Exhibits B-F; these videos will be filed electronically with the Court and have been previously provided to defense counsel.

3

vehicle and driving away. Exs. E, F. Defendant's operation of the vehicle was wholly unnecessary. At one point, the agents saw defendant's wife exit the driver's side of the vehicle and move to the passenger side of the vehicle so defendant could drive. Defendant easily could have sat in the passenger seat so his wife could drive, as she possesses a valid driver's license. Instead, he did the very thing he told this Court he would not do: drive a car without a license.

Defendant's bond conditions also include that he must obey all federal, state, and local laws. Driving with a suspended license is a Class A misdemeanor in the State of Illinois. *See* 625 ILCS 5/6-303. Therefore, there is probable cause to believe that defendant has violated a state law.

**IV.     Defendant's Pretrial Release Should Be Revoked Following A Hearing**

Defendant's violation of his bond condition is flagrant. He waited less than 24 hours from signing the bond forms before he drove a vehicle. The Court also orally admonished defendant about driving without a license. Defendant operated a vehicle anyway.

Given his near-immediate violation of this Court's orders, defendant is unlikely to abide by any condition or combination of conditions of release. Not only has the defendant already violated this Court's orders, but he has a history of non-compliance with court orders. As set forth in the Pretrial Report, has one prior conviction where he violated his conditions of probation, and six prior court cases where he had at least one bond forfeiture. is unlikely to abide by any condition or combination of conditions

4

of release. Dkt. 14. Defendant also has four pending state cases,[3] including cases that arose from arrests that occurred while he was on pretrial release from one or more cases. *Id*. His pretrial release in those cases did not deter him from committing multiple additional crimes.

Additionally, because defendant has demonstrated he is unwilling to follow the Court's clear conditions, there is no condition or combination of conditions of release that will assure that defendant will not flee or pose a danger to the safety of any other person in the community. *See* Dkt. 13 at 2-4.

Therefore, the government respectfully requests that, following a hearing, this Court revoke defendant's pretrial release order and order defendant detained pending trial, pursuant to 18 U.S.C. § 3148(b).

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By:   *s/ Michelle Petersen*
      MICHELLE PETERSEN
      Assistant United States Attorney
      United States Attorney's Office
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 886-7655

Dated: July 27, 2022

---

[3] One of defendant's pending cases is not listed in the original Pretrial Report. Dkt. 14. On or about May 5, 2022, defendant was arrested by the Lisle Police. That arrest led to case 2022CF001005 in the Circuit Court of DuPage County, where there are seven pending counts: (1) possession of a controlled substance; (2) DUI (drug) 1st or 2nd offense; (3) DUI – any amount of drug – 1st or 2nd offense; (4) reckless driving; (5) improper use registration/title; (6) operating an uninsured motor vehicle; and (7) failure to yield at stop intersection.